IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH ATHERTON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

ORDER

13-cv-454-wmc

---

      Petitioner Deborah Atherton has filed a pleading, which seeks relief from her conviction and sentence in *United States v. Atherton*, Case No. 12-cr-45 (W.D. Wis.). Atherton pled guilty to one count of conspiring to make false statements to a credit union in violation of 18 U.S.C. § 371. On October 10, 2012, the court sentenced her to serve 50 months in prison, followed by a two-year term of supervised release. She was also ordered to make restitution in the amount of $518,321.76. Her appeal was dismissed on January 2, 2013. *See United States v. Atherton*, No. 12-3436 (7th Cir.).

      Atherton now argues that she is entitled to relief from her conviction and sentence because: (1) she was denied effective assistance of counsel; (2) the charges against her were false; and (3) the amount of restitution imposed was disproportionately great in comparison to the $162,854.00 that co-defendant Timothy Whiteagle was ordered to pay following his conviction on related charges. *See United States v. Whiteagle*, Case No. 11-cr-65-wmc (W.D. Wis. Oct. 25, 2012). While Atherton makes other allegations that are not supported by sufficient facts and do not clearly articulate a constitutional violation or defect, Atherton's present request for relief read liberally may be construed as a motion vacate, set aside or correct sentence under 28 U.S.C. § 2255.

The handwritten pleadings submitted by Atherton do not, however, follow the form approved in the Rules Governing Section 2255 Proceedings for the United States District Courts. At a minimum, Rule 2 requires a movant to specify all the grounds for relief available and provide facts supporting each ground. More importantly, Atherton is advised that there are statutory restrictions on filing second or successive requests for relief under 28 U.S.C. § 2255. **Thus, the United States Supreme Court has counseled courts to warn litigants before characterizing *pro se* pleadings as a first § 2255 motion.** *See Castro v. United States*, 540 U.S. 375, 383 (2003).

So that Atherton may have an opportunity to decide whether she wishes to pursue relief under 28 U.S.C. § 2255, the court will give her until July 31, 2013, to either withdraw her pending motion or submit an amended version that complies with the Rules Governing Section 2255 Proceedings. Assuming that she wishes to proceed, the court will direct the clerk's office to provide her with a form ("Motion to Vacate, Set Aside, or Correct a Sentence") that has been approved for use by a person in federal custody.

ORDER

IT IS ORDERED that:

1. On or before July 31, 2013, petitioner Deborah Atherton shall advise the court in writing whether she wishes to pursue relief under 28 U.S.C. § 2255 by filing an amended motion using a form approved for use by prisoners seeking relief under 28 U.S.C. § 2255. The clerk's office will provide Atherton with an approved form or she may use any similar form available at the prison law library.

2.	If Atherton fails to respond or comply as directed by July 31, 2013, the court will assume that she wishes to withdraw this action voluntarily. In that event, her case will be dismissed without prejudice under Fed. R. Civ. P. 41(a) without further notice.

Entered this 1st day of July, 2013.

                                      BY THE COURT:

                                      /s/

                                      WILLIAM M. CONLEY
                                      District Judge