IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEBORAH ATHERTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

13-cv-454-wmc

On June 11, 2013, the court received a handwritten motion from petitioner Deborah Atherton, which included a number of exhibits and appeared to challenge the validity of her conviction and sentence in *United States v. Atherton*, Case No. 12-cr-45-wmc (W.D. Wis.). On July 1, the court issued an order asking Atherton to clarify whether she intended to seek relief pursuant to 28 U.S.C. § 2255, as well as advising her of the statutory restrictions on filing second or successive requests for such relief. *See Castro v. United States*, 540 U.S. 375, 383 (2003). The court also (1) provided her with a standard form approved for use by defendants attacking a federal sentence pursuant to 28 U.S.C. § 2255, and (2) instructed her to respond by July 31, 2013, or her case would be dismissed without further notice.

Atherton submitted a letter in response on July 29, indicating that she intended to pursue relief under 28 U.S.C. § 2255. To date, however, Atherton has not filed a motion as directed in the July 1 order and she has not otherwise specified what grounds for relief she intends to raise or provided facts in support of her claims. Without this information, the court is unable to determine whether she is entitled to relief.

Atherton's failure to comply as directed by submitting her claims on a standard form or in any other understandable way forces the court to conclude that she does not wish to proceed at this time or, alternatively, cannot articulate a viable basis for relief. Accordingly, under the inherent power necessarily vested in a court to manage its own docket, this case will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(a); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984).

Atherton should be aware that, while this dismissal is without prejudice, her time for bringing a motion under § 2255 *is* running out. In that respect, review is governed by a statute of limitations that typically expires one year from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f). The judgment of conviction in Atherton's case was entered on October 10, 2012, and her appeal was dismissed on January 2, 2013. *See United States v. Atherton*, No. 12-3436 (7th Cir.). Atherton is advised to exercise diligence in pursuing relief under § 2255, if she wishes to do so, in order to avoid the procedural hurdle posed by the statute of limitations that is applicable to her case.

## ORDER

IT IS ORDERED that:

1. The letter motion filed by petitioner Deborah Atherton is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a). The clerk's office should close this civil case and terminate the corresponding motion (dkt. # 43) in Case No. 12-cr-454-wmc.

2. Atherton may seek leave to re-open this case *only* if she files a motion **within fourteen days** of the date of this order on a standard form approved for use by prisoners seeking relief under 28 U.S.C. § 2255 or any similar form available at the prison law library.  Otherwise, Atherton must re-file her request for relief under § 2255 as a new civil action.  Atherton is advised to exercise diligence in pursuing relief under § 2255, as review is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

Entered this 14th day of August, 2013.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge